UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.           Case No. 2:08-cv-589-FtM-29DNF

TRACT J29-06, 2.5 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, LESLIE CORRELL, JR., ET
AL.,

    Defendants.
_____

### OPINION AND ORDER

This matter came before the Court on December 1, 2009, for a bench trial on the matter of just compensation in 38 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by FED. R. CIV. P. 71.1. Leslie Correll, Jr. appeared in this case to present argument and testimony.

The Court heard first testimony from John R. Underwood, Jr., President and owner of Appraisal and Acquisition Consultants, Inc. where he has been working as a real estate consultant and principal appraiser since 1983. Mr. Underwood testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Mr. Underwood started his career as an appraiser in 1971 working for First Federal Savings & Loan of Lake Worth, Florida. After obtaining his Bachelor's Degree from Florida State University, Mr. Underwood took courses for his

designations and received training from the Appraisal Institute, where he has been teaching since 1981 on a national basis. Mr. Underwood received his MAI (general) designation, which requires a minimum of 5 years experience, required courses, a Masters thesis equivalent, and peer review, and also received his SRA (residential) designation, from the Appraisal Institute. In compliance with continuing education obligations, Mr. Underwood must complete 30 hours every 2 years for the State of Florida and 100 hours every 5 years for the Appraisal Institute to maintain the designations. Mr. Underwood has previously testified, and has conducted about 1000 appraisals in the everglades and 200 in the Big Cypress project.

    Mr. Underwood testified as to the common characteristics of the land as: (1) remote; (2) similarly zoned; (3) wetlands; (4) same regulations on development; and (5) no improvements. To determine market value, Mr. Underwood used a sales comparison approach by comparing to sales in the Fakahatchee Strand, where values range from a low of $800.00 to a high of $2,000.00. The subject tracts all have the highest and best use of passive recreational. The oil and gas rights were not and will not be taken as part of the tracts of land, however, the mineral rights will be taken. Mr. Underwood concluded that the fair market value for each tract of land before the Court is $1,500.00 per acre, rounded to the nearest $100.00.

As to tract of land in this case, Mr. Underwood specifically testified that it is accessible by air boat, has no improvements, and is located in the far east part of the expansion area. Mr. Correll stated that he had tax receipts showing that he has paid $7,207.79 in taxes since 1992, and along with the original purchase price of $1,250.00, he has spent $8,457.79 on the subject tract of land. Mr. Correll stated that Collier County's assessed value for the property is $7,500.00, and that he would at least like the assessed value for the property. The government responded that the market value was determined at the time of taking.

"Just compensation means the full monetary equivalent of the property taken. . . . [T]he [Supreme] Court at an early date adopted the concept of market value: the owner is entitled to the fair market value of the property at the time of the taking." United States v. Reynolds, 397 U.S. 14, 16 (1970)(citations omitted). See also United States v. 480.00 Acres of Land, 557 F.3d 1297, 1306-07 (11th Cir. 2009). Comparable sales at the time of the taking is still the best evidence of fair market value. See generally United States v. 45,131.44 Acres of Land, 483 F.2d 569 (10th Cir. 1973); United States v. 320.0 Acres of Land, 605 F.2d 762 (5th Cir. 1979); United States v. 47.14 Acres of Land, 674 F.2d 722 (8th Cir. 1982); United States v. 819.98 Acres of Land, 78 F.3d 1468 (10th Cir. 1996); United States v. 4.85 Acres of Land, 546 F.3d 613 (9th Cir. 2008). A taking for public use allows the government to essentially "confiscate[] the additional (call it

"personal") value" that an owner obtains from the property as long as market value is paid and the taking is in fact for public use. <u>Coniston Corp. v. Village of Hoffman Estates</u>, 844 F.2d 461, 464 (7th Cir. 1988). <u>See also</u> <u>Kimball Laundry Co. v. United States</u>, 338 U.S. 1, (1949)(describing personal value as "the burden of common citizenship"); <u>320.0 Acres of Land</u>, 605 F.2d at 782 n.24 ("Value unique to the Owner is not compensable either.").

Although the Collier County Property Appraiser[1] shows a taxable value of $7,500.00, for a "vacant residential" property, the taxable value is not the same as fair market value for purposes of compensation.

> In most cases, the "value" of the property can be "justly" determined by its monetary "market value." [ ] "Market value" has been defined as "what it fairly may be believed that a purchaser in fair market conditions would have given," [ ], or "what a willing buyer would pay in cash to a willing seller," [ ] And since a hypothetical, " reasonable man" buyer will purchase land with an eye to not only its existing use but to other potential uses as well, fair market value takes into consideration "(t)he highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future. . . to the full extent that the prospect of demand for such use affects the market value while the property is privately held." [ ] Thus, "just compensation" is not limited to the value of the property as presently used, but includes any additional market value it may command because of the prospects for developing it to the "highest and best use" for which it is suitable."

<u>320.0 Acres of Land</u>, 605 F.2d at 781 (citations omitted). The highest and best for the parcel of land is recreational, and with

---

[1]<u>See</u> <u>http://www.collierappraiser.com/</u>.

current market conditions, a buyer would not pay $7,500.00 for the land.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

1. The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaints in Condemnation.

2. Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre,** rounded up to the nearest 100, for a total value of **$3,800.00**. Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject properties.

3. Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order. The Clerk shall administratively close the file pending the entry of final judgment.

4. On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property. Upon making such deposit, Plaintiff will timely notify the Court and move for a final judgment of condemnation by filing a motion.

5.   The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6.   The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation.  Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a **zero balance** so that the case may be closed.

7.   In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America or the National Park Service, as appropriate.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of December, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Kyle Scott Cohen, AUSA
Parties of record
Leslie Correll, Jr.

Intake
Finance